ELLIS, Judge.
This is a workman’s compensation case, in which plaintiff is seeking benefits for permanent and total disability resulting from an accident which happened on April 26, 1969, while in the course and scope of his employment. Plaintiff is Eldridge Blanchard and defendants are his employer, Delta Marine Engineering, Inc., and its insurer, Continental Insurance Company. Judgment was rendered in favor of plaintiff awarding him benefits for permanent and total disability, and defendants have appealed. Plaintiff has answered the appeal, asking that penalties and attorney’s fees be assessed against the defendants, that the judgment be amended to award certain medical expenses, and that the fees of two medical expert witnesses be fixed and taxed as costs.
In this court, it is not disputed that plaintiff injured his left knee while in the course and scope of his employment, and the testimony of both physicians is that, as of the time of trial, plaintiff was not able to perform the duties of his occupation. However, defendants claim that plaintiff’s disability results, not from the injury, but from his failure to carry out the rehabilitative exercises prescribed by his treating physician.
The record shows that plaintiff was operated on by Dr. Alan C. Farries, an orthopedic surgeon, on May 13, 1969. Two weeks after his release from the hospital, plaintiff was ordered to begin his exercises. On July 1, 1969, Dr. Farries sent plaintiff to a physical therapist for supervised exercises, because he was not making much progress. Apparently, plaintiff stopped seeing the therapist in November, 1969, because of illness, and did not resume the visits thereafter. As of December 3, 1969, Dr. Farries was still not satisfied with his progress, and continued to urge strongly that plaintiff do his exercises. On February 13, 1970, plaintiff was showing some improvement, and, at the doctor’s suggestion, attempted to return to work, but was unable to do so. Examinations on May 6 and June 1, 1970, revealed that plaintiff’s condition had deteriorated somewhat, marked by increased atrophy of the quadriceps muscle of the left thigh. In July and August, 1970, his condition remained about the same.
Dr. Farries also noted that throughout the treatment period, plaintiff used a cane despite the doctor’s strict instructions not to do so. Dr. Farries said that he did not believe that plaintiff’s quadriceps muscle would have atrophied had plaintiff performed his exercises in a vigorous manner. The exercises had been prescribed three days per week.
Dr. Dowell, also an orthopedic surgeon, saw plaintiff on one occasion. He was of the opinion that, with proper exercise, plaintiff should not have an atrophied quadriceps muscle. He felt that daily exercises were necessary to bring about improvement of that condition.
Plaintiff testified that he faithfully did all of the exercises given him by the doctor and by the therapist. He testified that he used the cane on the instruction of the therapist.
Neither of the two therapists seen by plaintiff were called as witnesses.
An injured employee cannot, willfully and unreasonably, refuse to submit to treatment, or to a program of rehabilitation. His compensation benefits can be discontinued if he is suffering from a disability which can be remedied by treatment in which he refuses to cooperate. O’Niel v. M. W. Kellogg Co., 190 So. 182 (La.App. 1 Cir. 1939); Fouchea v. Maloney Trucking & Storage Co., 108 So.2d 273 (Orl., La.App.1959). However, in Thomas *697 v. Crown-Zellerbach Corporation, 101 So.2d 478 (La.App. 1 Cir. 1958), we said:
“The burden is upon the employer to prove the defense that the employee’s willful failure to co-operate with medical treatment, or his willful misconduct, is the cause of the continued disability, and the proof to sustain this defense must be clear, convincing, and conclusive.”
After reviewing the record, we cannot conclude that the trial judge was manifestly erroneous in rejecting the defense. Plaintiff’s testimony that he did his exercises is unequivocal. Neither physical therapist was called by the defendants, although they could have testified as to the manner in which plaintiff performed his exercises. Finally, Dr. Dowell’s testimony is to the effect that three days of exercise a week would not be sufficient to rehabilitate plaintiff’s leg. One might conclude that if Dr. Dowell is correct, plaintiff would never recover, no matter how assiduous he might be in his exercises.
We further concur in the judge’s refusal to grant penalties and attorney’s fees. We think, in view of the testimony of the doctors, that there was a substantial basis for cutting off plaintiff’s compensation.
The medical expenses sought by plaintiff are for travel involved in seeing the physical therapists. The proof in the record is not sufficient to justify such an award.
It appears that the trial judge inadvertently overlooked fixing the fees of Drs. Farries and Dowell and taxing same as costs. We fix their fees at $100.00 each.
The judgment appealed from is amended by fixing the expert witness fees of Drs. Farries and Dowell at $100.00 each, and taxing same as costs, and as amended, it is affirmed, at defendants’ cost.
Amended and affirmed.