282 So.2d 580 (1973)
Robert L. ODOM
v.
KAISER ALUMINUM & CHEMICAL CORPORATION.
No. 5692.
Court of Appeal of Louisiana, Fourth Circuit.
August 21, 1973.
*581 McBride & Tonry, Richard A. Tonry, Chalmette, for Robert L. Odom, plaintiff-appellee-appellant.
Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, Paul B. Deal, New Orleans, for Kaiser Aluminum & Chemical Corp., defendant-appellee-appellant.
Before GULOTTA, STOULIG and BOUTALL, JJ.
BOUTALL, Judge.
This is an appeal from a judgment in favor of plaintiff, Robert L. Odom, granting him workmen's compensation benefits for total and permanent disability, and against defendant, Kaiser Aluminum & Chemical Corporation. Plaintiff also appeals the trial court judgment and answers defendant's appeal asking that he be awarded medical expenses, penalties and attorney's fees.
On May 22, 1970 plaintiff, employed by defendant as section utility man, was operating a "crust breaker" when it titled over, causing plaintiff's body to twist and also causing him to strike his back due to being thrown against a shield on the left side of the machine. After the accident, plaintiff was no longer able to perform his duties as section utility man for defendant. On June 1, 1970 he was hospitalized at the St. Bernard General Hospital until June 19, 1970. He never returned to work, allegedly due to severe pain in his back.
Defendant contends that plaintiff is disabled because of a progressive degenerative condition and not because of the accident. On the other hand, plaintiff contends that the accident in question caused such a severe aggravation of his preexistent degenerative back disease that he became totally and permanently disabled.
From July 14, 1953 through the date of the accident in question plaintiff was employed continuously by defendant. The evidence shows that plaintiff does have an osteoarthritic condition which has a potential for final incapacitation due to its progressive nature. Also, the plaintiff reported a history of accidents to his back, but he was always able to return to work within a reasonable time after each injury.
In his reasons for judgment the trial judge stated the following:
"In the absence of any evidence to show that such disability existed prior to the accident it could only be concluded that the occurrence of May 22, 1970 superimposed on an already existing but evidently quiescent condition aggravated the osteoarthritic condition to the extent that the plaintiff was no longer able to perform his customary duties."
We are in agreement with the trial judge in that, although plaintiff's condition was degenerative in nature, the accident in question so aggravated that condition as to bring plaintiff's career as a section utility man to an abrupt end. Had it not been for the accident of May 22, 1970, plaintiff would still have been able to perform his duties for a certain period of time until his condition would finally reach the point where he was unable to work. The increase in pain which would cause plaintiff to reach this point would be gradual and slow in accordance with the gradual deterioration of the spinal processes.
*582 A total of six doctors were called to testify. Each testified that it is possible for trauma to alter or aggravate preexisting disc disease and osteoarthritis or spondylosis. The consensus of opinion also indicated that the trauma of May 22, 1970 is the probable explanation of his suddenly increased symptoms. Also, Mrs. Nettie Mae Odom, plaintiff's wife, testified that prior to the May 22, 1970 accident plaintiff was able to mow the lawn, sweep, mop, paint, and pick up his grandchildren. She stated that since the accident he can no longer perform the aforementioned acts. She further testified that since the accident he sometimes has trouble getting out of bed in the morning and also has trouble dressing. She stated that since the accident she often must give him pain tablets during the night.
Our law is well settled that under workmen's compensation the employer takes the employee as he finds him and that an employee disabled by an accident is not to be denied compensation merely because he was already afflicted with a disease which, in its ordinary progress, might eventually have caused disability without any accident, and the accident merely induced disability. See: Norred v. Travelers Insurance Company, La.App., 236 So.2d 637 (La.App. 2nd Cir. 1970), Writ denied, 256 La. 842, 239 So.2d 354; Jones v. Douglas Public Service, La.App., 264 So.2d 267, (La.App. 4th Cir., 1972).
For the above reasons we affirm the judgment below, granting plaintiff total and permanent workmen's compensation benefits. The parties stipulated that plaintiff expended $50.00 for drugs he needed. We grant him judgment for this additional amount. Since there was a legitimate dispute as to whether plaintiff's disability is due to the accident of May 22, 1970, or whether it is due to his degenerative condition, we deny plaintiff's request for penalties and attorney's fees.
Affirmed.