316 So.2d 529 (1975)
Archie GRIFFIN, Plaintiff-Appellee,
v.
The KELLY-SPRINGFIELD TIRE COMPANY et al., Defendants-Appellants.
No. 12653.
Court of Appeal of Louisiana, Second Circuit.
July 1, 1975.
*530 Blanchard, Walker, O'Quin & Roberts by Wilton H. Williams, Jr., and Jerald L. Perlman, Shreveport, for defendants-appellants.
Jack and Jack by Wellborn Jack, Jr., Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and DENNIS, JJ.
PRICE, Judge.
This is an appeal from a judgment awarding benefits for a total and permanent disability under the provisions of the Workmen's Compensation Statute, together with statutory penalties and attorney's fees.
On September 6, 1973, Archie Griffin was injured in the scope of his employment with Kelly-Srpingfield Tire Company who operates the automotive center in the Woolco Department Store on the Shreveport-Barksdale Highway in Shreveport. Griffin fell backwards from a wheel alignment machine and struck his lower back on a stack of wheel rims, causing the injury giving rise to this litigation. After receiving medical examination and treatment by Dr. Jason Sanders on the day following the accident, plaintiff continued to work intermittently until September 26, 1973. He was paid compensation by his employer's insurer from that date until December 20, 1973, at which time payments were discontinued.
This action was thereafter filed on January 4, 1974, against his employer and its workmen's compensation insurer, Travelers Insurance Company. There is no doubt as to plaintiff's having sustained an accidental injury while in the scope of his employment. The disputed issues are the extent and duration of any disability resulting from the accident and whether Travelers acted arbitrarily in terminating compensation payments to plaintiff on December 20, 1973.
Defendants contend the trial court was in error in finding plaintiff was totally and permanently disabled from performing the work of an automobile mechanic as they argue the medical evidence discloses a pre-existing degenerative disc disease in plaintiff's back which of itself would continue to cause him intermittent pain even after recovery from the lumbar muscular strain which he suffered in the subject accident.
*531 They further contend that even in the event the finding of disability is upheld, the award of penalties and attorney's fees by the trial judge is erroneous as their action in discontinuing benefits was based on a written report prepared by Dr. Sanders dated December 19, 1973, stating plaintiff was released to go back to work on December 20th, and the result of an examination by Dr. Baer I. Rambach of November 29, 1973, indicating that plaintiff could return to work within two to three weeks of that time. Additionally, defendants contend no legal demand was made by plaintiff for a resumption of payments of benefits as a prerequisite for recovery of penalties and attorney's fees.

ISSUE OF DISABILITY
On the day following the accident, upon complaining of pain in his back, plaintiff was referred to Dr. Sanders by his work supervisor. Dr. Sanders, a general practitioner, found muscle spasm in the low back area and treated plaintiff with physio-therapy, analgesics, and muscle relaxants. He treated plaintiff on a regular basis through the date of trial. His diagnosis was acute muscle strain with a suspicion of disc involvement. Dr. Sanders was of the opinion plaintiff was unable to do the work of an automobile mechanic at the time of trial, and probably would not recover sufficiently to perform this work for several more years, if at all. He considered plaintiff's continued complaints of pain to be genuine and did not feel he was a malingerer. He explained his written report of December 19, 1973, as follows:
After several weeks of treatment plaintiff wanted permission to go back to work provided his employer would give him duties of a less strenuous nature. He agreed to allow this and gave plaintiff the report in question addressed to "Whom It May Concern". He testified this was done to permit plaintiff to try to perform light work if it was agreeable with the employer.
Plaintiff testified he was advised by his supervisor he could not return to work unless he had fully recovered and could perform the same work he had previously done.
Plaintiff also was examined by three orthopedic specialists, Dr. W. W. Fox, Dr. Don Joffrion, and Dr. Baer I. Rambach.
Dr. Fox examined plaintiff on September 12, 1974, for purposes of pre-trial evaluation for plaintiff's attorney. He found from examination of the X-rays made initially by Dr. Sanders that there was marked degenerative disc disease with secondary arthritic changes at L5 S1 and that it was reasonable that plaintiff suffered an aggravation of this condition in the accidental injury to his back. He was of the opinion plaintiff could not do heavy work nor the type work he had performed as an automobile mechanic.
Dr. Joffrion, who examined plaintiff at defendant's request, and who was called by plaintiff as a witness, testified substantially the same as Dr. Fox.
Defendants rely primarily on the testimony of Dr. Rambach who examined plaintiff on two occasions. After the first examination on November 29, 1973, Dr. Rambach testified he concluded plaintiff had a sprain of the muscles of the cervical region and the lower lumbosacral joints. He was at that time of the opinion plaintiff could go back to work in about three weeks. He next examined plaintiff on September 9, 1974. He testified that by that time plaintiff had recovered from the sprain suffered in the accident and that whatever pain he continued to have resulted from the degenerative condition of his back which was present prior to the accident. He also believed plaintiff could perform "moderate physical exertion" and considered the work of an automobile mechanic to be within plaintiff's ability. Therefore, he did not find plaintiff to be permanently disabled because of the accident.
*532 Defendants have sought to prove plaintiff has retarded his recovery by failing to lose weight as directed by his treating physician, and in not following a prescribed exercise program. It is somewhat speculative that plaintiff could carry out either of these directives, and we do not find his dereliction in this regard to have been an intentional disobedience to medical instructions.
We find the preponderance of the medical evidence to sustain the trial judge's finding that plaintiff was totally and permanently disabled at the time of trial.
We consider the opinions of Drs. Sanders, Fox and Joffrion to casually relate plaintiff's continued complaint of pain in his back to an aggravation of the degenerative osteoarthritis of the lumbosacral joint accompanied by the narrowing of the intervertebral disc at this point.
Although there is some evidence showing plaintiff sought treatment for a back condition in the year 1963 from Dr. T. M. Oxford, it appears plaintiff fully recovered from that event and had no further difficulty until the accident herein complained of.
We consider it significant plaintiff had worked for this same employer for some eight years prior to his accident and apparently had made no complaints of having difficulty doing the work because of any degenerative changes in his back.
The rule is well established by the jurisprudence that an employer takes an employee as he finds him and if an accidental injury triggers a latent condition resulting in disability, then the employee is entitled to benefits under the compensation statute.
The case of Guillory v. Southern Farm Bureau Casualty Insurance Company, 237 La. 374, 111 So.2d 314 (1959) cited by defendants in support of their position is not analogous to the instant case as in Guillory the medical evidence did not disclose an aggravation of a pre-existing arthritic condition. We therefore affirm the finding that plaintiff is totally and permanently disabled to do work of a reasonably similar nature to that being carried on at the time of the injury.

PENALTIES AND ATTORNEY'S FEES
In brief to this court counsel for both parties cite and agree that the correct rule of law on the assessment of penalties and attorney's fees is as stated in the case of Reason v. Joan of Arc Company, 285 So.2d 332 (La.App. 3rd Cir. 1973), which in pertinent part is as follows:
"On the question of penalties and attorney fees, whether the actions of an employer or his insurer are arbitrary, capricious, or without probable cause, in discontinuing workmen's compensation benefits depends primarily upon the facts existing and known to the employer or insurer at the time payments were stopped. Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965)."
* * * * * *
"Under the Workmen's Compensation Act it is clear that an employer or his insurer has a responsibility to an injured employee to continue compensation payments for the full period of disability. But this duty is not so onerous as to make every termination of benefits grounds for liability. Under certain circumstances an employer or his insurer are justified in stopping payments, without fear of being assessed penalties and attorney fees. One such situation is where termination is predicated upon a physician's report showing plaintiff to be fully recovered and able to resume his former work-connected duties."
The judgment in respect to penalties and attorney fees is solely against the insurer, Travelers, in accord with the compensation statute, LSA-R.S. 23:1201.2. This defendant *533 contends on appeal that the trial judge was in error in assessing it with the penalties and attorney fees provided by R.S. 22:658, as it relied on competent medical advice in discontinuing payments and such conduct cannot be said to be arbitrary or capricious.
The record as constituted does not show how or when Travelers became aware of the "To Whom It May Concern" report of Dr. Sanders dated December 19, 1973, or that they relied on such a report. Nor does the record show with any degree of legal certainty that Travelers received a communication from Dr. Rambach prior to taking action to discontinue payments to plaintiff. No employee or representative of Travelers was called to prove the facts on which it relies to show its actions were not arbitrary or capricious.
In any event, had Dr. Rambach's report been shown to have been received prior to the decision to terminate, it did not conclusively establish plaintiff had recovered and was able to resume work on December 20, 1973, as his opinion was an estimate of recovery time and no confirmation examinstion was made prior to December 20th.
The record also contains the unrebutted testimony of Dr. Sanders that he had several telephone communications with representatives of Travelers after December 20th in which he made clear his opinion plaintiff continued to be unable to resume the full duties of an automobile mechanic.
We do not find the evidence before us is sufficient to justify our finding the trial judge abused his discretion in awarding penalties and attorney's fees under the circumstances presented. We find our decision in this regard to be supported by the holding in Dejean v. B. F. Trappey's Sons, Inc., 285 So. 297, (La.App. 3rd Cir. 1973).
Defendants contend that even though it be determined the discontinuance was arbitrary, there must be a demand for a resumption of payment by plaintiff as a prerequisite for penalties and attorney's fees to be assessed. As authority for this position defendant cites Pharr v. Insurance Company of North America, 200 So.2d 365 (La.App. 4th Cir. 1967). The Pharr decision and a later case following its holding, Muse v. Sentry Inurance Company, 269 So.2d 609 (La.App. 3rd Cir. 1972) were discussed by the majority opinion in Chavis v. Maryland Casualty Co., 307 So.2d 663 (La.App. 3rd Cir. 1975), and found to be lacking as a controlling precedent for the requirement of notice for resumption of payment by a compensation claimant as the court found those cases to have been decided primarily on other factors.
It is readily apparent that a demand should be made by the claimant of his initial claim for compensation benefits to activate the penalty provisions of LSA-R.S. 22:658. However, we do not find it reasonable to require a demand by the claimant for a resumption of payment when it is found the action of the employer or the insurer in discontinuing payment was arbitrary or capricious. We consider the decision in Chavis to accord with our view and believe it to be a more logical rule of law than the expressions contained in Pharr and Muse on this question.
For the foregoing reasons the judgment appealed from is affirmed at appellant's cost.