322 So.2d 429 (1975)
Dolores Narcisse, wife of Clarence LEWIS
v.
The INSURANCE COMPANY OF NORTH AMERICA.
No. 7055.
Court of Appeal of Louisiana, Fourth Circuit.
November 11, 1975.
Rehearing Denied December 9, 1975.
Writ Refused January 30, 1976.
*430 E. Howard McCaleb, III, New Orleans, for plaintiff-appellee.
Robert J. Young, Jr., Michael K. Fitzpatrick, Edward L. Levert, Jr., New Orleans, for defendant-appellant.
Before, SAMUEL, LEMMON and MORIAL, JJ.
MORIAL, Judge.
Plaintiff, Dolores Narcisse, sued defendant in workmen's compensation alleging that on August 17, 1973, while an employee of the Downtowner Motor Inn, she slipped on a piece of lettuce and injured her back. She claimed that as a result of this accident she is totally and permanently disabled. After trial on the merits, the district court found the plaintiff to be totally and permanently disabled and awarded her compensation in the amount of $54.60 per week for the continuation of her disability not to exceed 500 weeks with legal interest on each past due installment and medical expenses not to exceed $12,500.00, and all costs. Defendant appeals from this judgment. We affirm.
Plaintiff is a middle aged female who weighs approximately 250 pounds. She had been employed as a cook at the Downtowner for nearly 7½ years at the time of the accident. Her base pay was $84.00 per week.
We deem it unnecessary in this case to set forth in elaborate detail the medical testimony. Plaintiff was examined by two general surgeons and two orthopedic surgeons. All noted that she had a degenerative osteoarthritic condition which was most likely dormant before the accident. After examination one general and one orthopedic surgeon concluded that the plaintiff was physically able to return to work. The other physicians found that the fall probably "triggered" the plaintiff's existing arthritic condition and that she was now unable to perform the requisite duties of her former occupation without substantial pain.
*431 Seven lay witnesses, two of whom are cooks testified. Each had observed the plaintiff before her August 17 fall and stated she had always been fully mobile. After the fall, they all noted that she could no longer lift heavy objects, stoop, bend or do strenuous housework. The cooks testified that cooks are often required to lift heavy pots and stoop. Clearly, this lay testimony is to be given consideration. Only recently in Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743, 749 (1975) our Supreme Court stated:
"* * * Lay testimony has great probative value in establishing certain facts, such as the existence and location of pain and the actual ability or inability of a claimant to perform certain physical functions or to pursue his regular employment. See Larson, supra, at § 79.53. We conclude that lay evidence must be weighed with consideration for the medical fact to be established, of the conclusiveness and validity of the medical evidence and the materiality, relevance and reliability of the particular lay evidence, according to its focus, foundation and its source."
The lay testimony is unequivocal that plaintiff continues to suffer pain and remains unable to execute the physical functions required to pursue her regular employment without pain. The trial judge furnished us with no written reasons for judgment. Apparently, he correctly concluded that the totality of the evidence, medical and lay, supported a finding that the plaintiff either incurred a disabling injury from the fall or that her degenerative osteoarthritic condition was sufficiently aggravated thereby to result in her permanent disability. It is well settled that a work related accident which aggravates a preexisting condition resulting in disability is compensible under the Louisiana Workmen's Compensation Act. Jones v. Douglas Public Service, 264 So.2d 267 (La.App. 4 Cir. 1972).
In an effort to defeat plaintiff's claim for permanent and total disability, defendant attempts to make much of the fact that plaintiff is tremendously overweight and has not only ignored her doctors' requests to reduce but has actually gained weight. The gist of the medical testimony most favorable to defendant indicates that the plaintiff's disability will not improve unless she reduces her weight by at least 100 pounds.
We recognize the well settled rule so aptly stated in Blanchard v. Delta Marine Engineering, Inc., 252 So.2d 695, 696 (La.App. 1 Cir. 1971), that "An [a] injured employee cannot, willingly and unreasonably, refuse to submit to treatment, or to a program of rehabilitation. His compensation benefits can be discontinued if he is suffering from a disability which can be remedied by treatment in which he refuses to cooperate. * * *" (Citations omitted). However, that rule is inapplicable to the facts of this case. It is true that plaintiff was advised by all doctors to lose weight, yet no physician ever placed her upon a prescribed weight reducing regimen from which she voluntarily deviated. Accordingly, we do not consider her actions to be a refusal "to submit to treatment, or to a program of rehabilitation." Furthermore, the record does not disclose that treatment which would require the plaintiff to lose 100 pounds is reasonable. Defendant has failed to prove by clear, convincing and conclusive evidence that a failure on the part of the plaintiff to cooperate with any prescribed treatment, or that her willful misconduct is the cause of her continued disability. Thomas v. Crown-Zellerbach Corporation, 101 So. 2d 478 (La.App. 1 Cir. 1958).
A consideration of the medical and lay testimony brings us to the conclusion that the plaintiff suffered total and permanent disability and is now unable to perform all the functions required of a cook.
*432 For the reasons assigned the judgment of the district court is affirmed.
Affirmed.
LEMMON, J., concurs with written reasons.
LEMMON, Judge (concurring).
The record definitely supports a finding of total disability at time of trial, and I therefore concur in affirming the judgment. I am concerned, however, as to the proof that plaintiff was permanently disabled.[1]
Even the medical testimony most favorable to plaintiff conceded that she obtained recovery from the muscular sprain in several months and that recovery from any aggravation of her preexistent (but previously dormant) arthritic condition was difficult to achieve without a significant weight loss. Furthermore, the record revealed no medical cause underlying plaintiff's obesity and no medical reason why she can't lose weight. Finally, the record established that plaintiff's gross obesity would necessarily have aggravated her congenital spinal defect at an early age.
Thus, the case presents issues not only as to whether plaintiff failed to submit to reasonable medical treatment, but also as to whether she continued to be disabled because of the work-related injury.
As to any failure to submit to treatment by means of weight reduction, the majority opinion points out two problems. First, no treating physician prescribed a specific weight reducing program, and second, the recommended treatment may not be reasonable.
Certainly, any competent physician will prescribe a weight reduction program, and I believe plaintiff must request and attempt such a program in order to be entitled to continuing compensation benefits. Nevertheless, since the recommended treatment involved a huge weight loss, we cannot determine reasonableness without evidence as to a specific program of treatment.
Every case involving an issue of failure to submit to medical treatment raises questions of degree and of reasonableness of effort. I simply don't believe plaintiff can decline to make any effort whatsoever toward recovery and collect maximum benefits based on permanent disability.
I am impressed that plaintiff submitted to surgery for a preexistent hernia in order to be able to wear a relief-producing orthopedic corset which would otherwise have aggravated the hernia. I also recognize that plaintiff did obtain medication for weight reduction from Charity Hospital and took this medicine until the prescription was terminated because of side effects. However, we have now found defendant liable for all medical expenses during the duration of plaintiff's disability, and I believe plaintiff must now make some reasonable attempt at weight reduction and ultimate recovery in order to remain eligible for compensation benefits.
NOTES
[1] A judgment finding permanent disability is subject to modification if the claimant recovers. Likewise, a judgment finding temporary disability is subject to modification if the disability becomes permanent. R.S. 23:1331. Therefore, the only difference in result from a practical standpoint is the question of which party must seek the modification.