MARVIN, Judge.
Defendant-employee appeals from a judgment decreeing he is not entitled to further workmen’s compensation benefits. R.S. 23:1311. We reverse.
Defendant injured his knee while at work on November 17, 1975. On two occasions surgical repair was attempted. He was paid maximum weekly compensation benefits until January 16, 1978, at which time he was paid minimum weekly compensation benefits until these were terminated by the workmen’s compensation insurer on May 15, 1978.
The employer and insurer sued on February 28, 1978, to have the rights and responsibilities of the parties determined under the law. R.S. 23:1311. It was alleged that defendant was able to return to his duties as a handyman (forklift driver and clean up worker) and that any disability defendant had was caused by his failure to properly follow medically prescribed exercises designed to strengthen and increase the mobility of the injured knee after the operations. The employee generally denied these allegations and reconvened for total and permanent benefits, penalties and attorney fees.
Over a period of three years defendant was seen by three orthopedists, two of whom performed surgery. Medical reports of the three doctors were introduced in evidence and the orthopedist who last performed surgery testified at the trial. The medical reports and medical testimony is generally to the effect that the employee was uncooperative and did not properly follow the prescribed knee exercises. Plaintiff says he did properly perform the exercises. His witnesses (a roommate, a friend, and his mother), whom the trial court said had only limited observation, generally corroborated his testimony.
The first orthopedic surgeon beginning in September, 1976, started noting the employee’s sluggishness in exercising. On January 13,1977, he released the employee to return to work with a 10 percent disability. The employee returned to this doctor on January 28 contending he was unable to work because of stiffness and weakness in the knee. This doctor noted on that date:
“. . . I do feel that the patient has not made a concerted effort to exercise and rehabilitate himself like he should. I have gone overboard with this young man. I cannot help but think that he is magnifying his complaints. I am releasing him from treatment and he can return back to work with a permanent partial physical impairment of the left knee of 10% as noted in my previous report.”
In February and March the employee saw a second orthopedic doctor who noted on March 30 that the employee was uncooperative and was afflicted with “compensationi-tis”. This doctor continued to observe the employee’s progress for several months and eventually referred him to a third orthopedist. The third orthopedist on October 21, 1977, noted that defendant did not have the motivation to rehabilitate himself. The employee was referred back to the second orthopedist who noted on November 15 that
“. . this patient could not be doing his exercises . . . properly and losing ground. There could be two causes for this; # 1 malingering, # 2 conversion reaction. I tend to think that the first reason is likely. The reason I believe this is that the patient’s attitude has been poor. He has shown more interest in the legal concerns and suit aspects of his condition than he has the condition itself. I could cite numerous instances of this but will not bother to at this time.
“I don’t know of anything I can do for this patient with his present attitude.”
The second orthopedist’s later reports and his testimony at the trial are to the same effect.
This doctor also testified that the prescribed exercises were reasonably expected to relieve the disability, that the employee’s life would not be endangered, and that only minimal pain would be caused by the exer *744 cises. The medical witness also was of the opinion that the employee could have returned to work in five to nine months if he had properly exercised. See Desormeaux v. American Mutual Liability Ins. Co., 224 So.2d 198 (La.App. 3d Cir. 1969).
An employee cannot willfully and unreasonably refuse or fail to follow a prescribed program of rehabilitation which is reasonably expected to rehabilitate him for work. His workmen’s compensation benefits can be discontinued if he is suffering from a disability which can be remedied by such treatment in such cases. Lewis v. Insurance Company of North America, 322 So.2d 429 (La.App. 4th Cir. 1975); Blanchard v. Delta Marine Engineering, Inc., 252 So.2d 695 (La.App. 1st Cir. 1971).
The burden in such cases is on the employer to show that the employee’s willful failure to follow prescribed medical treatment is the cause of the continued disability and the proof must be clear, convincing, and conclusive. Edwards v. Shreveport Creosoting Co., 207 La. 699, 21 So.2d 878 (1945); Lewis, supra; Deville v. Townsend Bros. Construction Company, 284 So.2d 110 (La.App. 3d Cir. 1973); Blanchard, supra. In Edwards, “conclusive” was equated to “beyond a reasonable doubt”. In this case the employee’s failure to follow the prescribed treatment may not have been a willful failure, as is required by the above cited cases. The only medical witness admitted that he could not determine the employee’s failure was caused by conscious malingering or by a psychologically disabling conversion reaction, which is not a product of the conscious will. This testimony was elicited from the doctor because of his statement in medical reports on September 10, 1977, that “. whether or not this [failure] is psychological or malingering or a combination of both, I can’t be certain.” and on November 15, 1977, . .1 tend to think the first reason [malingering] is likely . . . [his] attitude has been poor. He has shown more interest in legal concerns and suit . than he has [in his] condition . . .”
This equivocal evidence (tend to think it is likely) does not meet the burden that the employer bears. The evidence is not clear, convincing, and conclusive that the employee’s continued disability is caused by his willful failure to follow the prescribed medical treatment. Edwards, supra.
The employee contends that the insurer, having been informed by the medical reports that the employee’s continued disability perhaps could have been caused by an unconscious psychological condition, was arbitrary in terminating compensation and that penalties and attorney fees should be allowed. Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (1976). We cannot agree. The evidence in this case at least shows that it was more probable than not that the cause of the disability was the willful failure of the employee. The issue was not disability as in Walker, but cause. Under these circumstances, the insurer was not arbitrary in seeking the determination of responsibility expressly provided in R.S. 23:1311. A preponderance of the evidence is not the clear, convincing and conclusive evidence the law requires.
Judgment below is reversed at appellees’ cost and it is decreed that the plaintiff employer and workmen’s compensation insurer are obligated to the defendant employee for benefits which might be due under the workmen’s compensation law with legal interest on all past due payments from the date on which each past due payment became due.
REVERSED AND RENDERED.