SCHOTT, Judge.
Defendants, The City of Gretna and its Workmen’s Compensation Insurer, Commercial Union Insurance Company, have appealed from a judgment awarding plaintiff compensation benefits based on total and permanent disability. The issue is whether plaintiff’s disability is the result of his own failure to cooperate with the program of rehabilitation prescribed by the treating physician.
Plaintiff injured his knee on February 2, 1976, while working as a garbage collector for the City. On March 5, he was placed under the care of Dr. Earl J. Rozas, an orthopedic surgeon, who performed an arth-rogram on plaintiff, placed him in a knee brace, and started him in a physical therapy program. When he failed to respond to this treatment Dr. Rozas operated on plaintiff for removal of a torn medial cartilage. At this time he noted chondromalacic changes of the femoral condyle and the patella. From July 14, 1976, until February, 1977, plaintiff was placed on a program of physical therapy and continued to see Dr. Rozas who now came to believe that plaintiff was not progressing because of his own failure to cooperate with the treatment prescribed. Specifically, plaintiff indicated that he could not bend his knee to a full range of flexion, and yet when Dr. Rozas put plaintiff under anesthesia in August he was able to manipulate the knee in a full range. By February, 1977, plaintiff developed synovi-tis in the knee, and in March Dr. Rozas performed a synovectomy and shaving of the articular cartileges. He observed extensive chondromalacia on all of the articular surfaces and general deterioration of the knee. He sent plaintiff back for extensive physical therapy following this surgery. Once again plaintiff claimed that he could not bend his knee, but in May Dr. Rozas was again able to manipulate the knee in full flexion under general anesthesia. Consequently, by August, 1977, Dr. Rozas discontinued plaintiff on therapy since he felt that it was a waste of time in view of plaintiff’s failure to cooperate. At this time Dr. Rozas thought plaintiff was 30% disabled, but he attributed half of that disability to plaintiff’s fault and he felt that plaintiff could perform all of the duties of a garbage collector if he had only the 15% disability which he attributed to the accident.
Plaintiff testified that he tried to take the prescribed exercises, had done everything he was instructed to do at the physical therapy sessions, and tried to bend his knee every day and could not even though he wants to return to work.
In his reasons for judgment the trial judge declined to accept Dr. Rozas’ conclusion that any portion of plaintiff’s disability was due to his failure to follow recommended treatment; he specifically found that plaintiff was a credible witness and accepted his testimony.
The testimony of Dr. Rozas was in deposition form so that the trial judge had no advantage over us in the evaluation of his testimony. We find it quite persuasive in that plaintiff’s condition is necessarily due in part to his own failure to cooperate in his treatment. However, we are not persuaded to reverse the trial judge.
The burden of proof undertaken by defendants is best demonstrated by Griffin v. Kelly-Springfield Tire Company, 316 So.2d 529 (La.App. 2nd Cir. 1975) and Blanchard v. Delta Marine Engineering, Inc., 252 So.2d *614 695 (La.App. 1st Cir. 1971). In the first case, the defense was that plaintiff retarded his recovery by failing to lose weight as directed by his physician and in not following the prescribed exercise program. The court disposed of the defense with:
“. . . It is somewhat speculative that plaintiff could carry out either of these directions, and we do not find his dereliction in this regard to have been an intentional disobedience to medical instructions.”
In the Blanchard case, the defense was that plaintiff’s disability was the result of his failure to carry out rehabilitative exercises prescribed by his physician. In rejecting the defense, the court stated that defendants’ burden was to prove plaintiff’s “willful failure to cooperate with medical treatment, or his willful misconduct, was the cause of the continued disability.” Furthermore, the court required that defendants’ proof be “clear, convincing, and conclusive.”
In the light of these principles we are not convinced that the trial court erred in rejecting the defense. We cannot overlook the fact that plaintiff has only a first grade education, cannot read or write and has a low intelligence quotient. His testimony that he tried to cooperate, if believed, seems to preclude a finding that he intentionally disobeyed Dr. Rozas or willfully refused to cooperate. He testified before the trial court who made a specific finding in favor of his credibility. In his deposition, Dr. Rozas sometimes referred to plaintiff’s lack of “motivation” and perhaps this more accurately generalizes plaintiff’s shortcomings. Considering his very limited mental ability allowances must be made for such possibilities as his failure to understand the nature and the importance of the exercise and his inability to develop the self discipline required to take the exercises on a consistent basis in spite of the pain they caused him. . These shortcomings do not necessarily constitute intentional disobedience or willfulness. They are more probably the natural result of gross ignorance. Perhaps plaintiff was negligent in his failure to take his exercises but he was not necessarily willful.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.