734 So.2d 1283 (1999)
CAJUN FORGE CO., INC., Plaintiff-Appellant,
v.
Troy E. SPELL, Defendant-Appellee.
No. 98-1883.
Court of Appeal of Louisiana, Third Circuit.
May 19, 1999.
Christopher R. Philipp, Lafayette, for Cajun Forge Company, Inc.
Michael Benny Miller, Crowley, for Troy E. Spell.
BEFORE: DOUCET, C.J., COOKS, and PICKETT, Judges.
COOKS, Judge.
Cajun Forge Co., Inc., appeals a workers' compensation judge's ruling denying *1284 its motion to reduce Troy Spell's workers' compensation benefits by fifty percent because of his refusal to cooperate with vocational rehabilitation services. For reasons which follow, we affirm the judgment.

BACKGROUND FACTS AND PROCEDURAL HISTORY
On February 28, 1996, while in the course and scope of his employment with Cajun Forge, Spell sustained a serious hand injury. Spell underwent several surgical procedures to repair his hand. Nevertheless, the hand remained useless; and, he was unable to return to his pre-injury job. On the recommendation of his surgeon, vocational rehabilitation services were initiated.
Spell began receiving vocational rehabilitation in September 1997. He cooperated with the rehabilitation efforts for nine months and received treatment from four different vocational counselors. Disappointed with the lack of consistency, Spell began refusing counseling in June 1998. Thereafter, Cajun Forge filed a motion to compel vocational rehabilitation counseling. Cajun Forge also sought a fifty percent reduction in Spell's workers' compensation benefits and an order directing him to meet with a designated medical management nurse. The workers' compensation judge granted Cajun Forge's motion ordering Spell to participate in vocational rehabilitation. The motion to reduce workers' compensation benefits and the motion compelling Spell to meet with a medical management nurse were denied. This appeal follows.

ASSIGNMENT OF ERROR
Cajun Forge maintains the workers' compensation judge erred in denying its motion for reduction of Spell's workers' compensation benefits.[1]

LAW AND ANALYSIS
La.R.S. 23:1226(E) provides in pertinent part:
Refusal to accept rehabilitation as deemed necessary by the hearing officer shall result in a fifty percent reduction in weekly compensation, including supplemental earnings benefits pursuant to R.S. 23:1221(3), for each week of the period of refusal. (emphasis ours)
This section mandates a fifty percent reduction of workers' compensation benefits only after a claimant refuses to attend court ordered vocational rehabilitation. See City of Jennings v. Clay, 98-225 (La. App. 3 Cir. 10/14/98); 719 So.2d 1164; Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97); 696 So.2d 551; Romero v. Grey Wolf Drilling Co., 594 So.2d 1008 (La.App. 3 Cir.1992). Spell failed to accept the rehabilitation program which Cajun Forge provided based on the recommendation of his physician. He did not, as of yet, refuse the vocational rehabilitation deemed necessary by the workers' compensation judge. If Spell refuses to attend the court ordered rehabilitation, a reduction of benefits may then be appropriate. The workers' compensation judge acknowledged this possible eventuality when she said:
The defendant's request to reduce benefits by fifty percent for failing to cooperate in rehabilitation is denied, subject, however, to the possibility that Mr. Spell refuses to cooperate in the future. After this order, the Court will re-entertain a motion to reduce benefits.
Accordingly, we conclude the workers' compensation judge did not err in denying Cajun Forge's request for a reduction of workers' compensation benefits at this time.

DECREE
For the foregoing reasons, the judgment of the Office of Workers' Compensation is *1285 affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] Cajun Forge does not assign as error the denial of its motion seeking to compel Spell to meet with a medical management nurse.