JjDECUIR, Judge.
Louisiana Pacific Corporation appeals a workers’ compensation judge’s ruling denying its motion to suspend workers’ compensation benefits for failure to attend physical therapy and granting its motion to reduce benefits by fifty percent for failure to cooperate with vocational rehabilitation. For the reasons that follow, we affirm the judgment as amended.
FACTS
On October 15, 1993, Eugene T. Allbrit-ton was injured in the course and scope of his employment with Louisiana Pacific Corporation. On July 23, 1998, Louisiana Pacific initiated vocational rehabilitation services as required by law. Despite re *171 peated phone calls, letters, scheduled meetings, providing of long distance phone cards and other efforts by the vocational rehabilitation counselor, Allbritton would not meet. On January 22, 1999, Louisiana Pacific filed a motion to reduce benefits for failure to cooperate with vocational rehabilitation services. On March 24, 1999, the workers’ compensation judge denied the motion but issued a court order for the vocational rehabilitation services. Allbrit-ton continued to refuse to meet with the vocational rehabilitation counselor and also refused to attend physical therapy.
On July 12, 1999, Louisiana Pacific filed a motion to suspend benefits for failure to attend physical therapy or to reduce benefits for failure to cooperate with vocational rehabilitation services. The workers’ compensation judge denied the motion to suspend benefits and granted the motion to reduce benefits by fifty percent beginning August 11, 1999. Louisiana Pacific lodged this appeal.
REDUCTION OF BENEFITS
La.R.S. 23:1226(E) provides in pertinent part:
[¡.Refusal to accept rehabilitation as deemed necessary by the workers’ compensation judge shall result in a fifty percent reduction in weekly compensation ....
(Emphasis added).
This court has interpreted this section to require a reduction in benefits only after a claimant refuses to attend court-ordered vocational rehabilitation. Cajun Forge Co. v. Spell, 98-1883 (La.App. 3 Cir. 5/19/99); 734 So.2d 1283.
In this case, Louisiana Pacific contends that the workers’ compensation judge erred in failing to reduce benefits retroactive to August 11, 1998. We do not agree. August 11, 1998, is the date of the first letter from the vocational rehabilitation counselor to Allbritton. Our review of the record indicates that the workers’ compensation judge did not order vocational rehabilitation services until March 24, 1999. Therefore, Louisiana Pacific was not entitled to a reduction in benefits from August 11, 1998. Instead, Allbritton’s benefits should have been reduced retroactive to March 24,1999. The workers’ compensation judge did not apply the reduction of benefits retroactively. This was error. Accordingly, we amend the judgment to reflect that Allbritton’s benefits be reduced by fifty percent effective from March 24,1999.
SUSPENSION OF BENEFITS
Louisiana Pacific next contends that the workers’ compensation judge erred in failing to suspend all of Allbrit-ton’s workers’ compensation benefits for failure to undergo physical therapy. We disagree.
Louisiana Pacific argues that La. R.S. 23:1124 authorizes the suspension of benefits for claimant’s failure to submit to physical therapy. The crux of Louisiana Pacific’s argument is that physical therapy is in effect a medical examination and, therefore, suspension of benefits is authorized by the statute. Louisiana Pacific cites | ¡¡no authority for this proposition, and we have found none. Absent such authority, we decline to extend the clear language of La.R.S. 23:1124 to include physical therapy.
Our review of the jurisprudence did reveal that refusal to cooperate with physical therapy has been recognized as a defense in workers’ compensation cases. See Jackson v. City of Gretna, 376 So.2d 612 (La.App. 4 Cir.1979); Griffin v. Kelly-Springfield Tire Co., 316 So.2d 529 (La.App. 2 Cir.1975); Blanchard v. Delta Marine Eng’g, Inc., 252 So.2d 695 (La.App. 1 Cir. 1971). However, the burden of proof is formidable. The defendant must prove by clear, convincing and conclusive evidence that the claimant’s wilful failure to cooperate with treatment is the cause of the continuing disability. Blanchard, 252 So.2d 695.
*172 Louisiana Pacific did not satisfy that burden. Accordingly, we find no error in the workers’ compensation judge’s refusal to suspend Allbritton’s benefits.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is amended to reflect that Allbritton’s indemnity benefits be reduced by fifty percent effective from March 24, 1999, and is otherwise affirmed. All costs of this appeal are taxed to appellant, Louisiana Pacific Corporation.
AFFIRMED AS AMENDED.