341 So.2d 29 (1976)
Elvin MARICLE, Plaintiff-Appellee,
v.
Sam CLOUD, Defendant-Appellant.
No. 5716.
Court of Appeal of Louisiana, Third Circuit.
December 21, 1976.
Rehearing Denied January 26, 1977.
*30 William E. Skye, Alexandria, for defendant-appellant.
Drewett, Jacques & Thomas, by Robert W. Thomas, Lake Charles, for plaintiff-appellee.
Before HOOD, DOMENGEAUX and HUMPHRIES, JJ.
HUMPHRIES, Judge.
Defendant, Sam Cloud, appeals a judgment awarding plaintiff Elvin Maricle workmen's compensation in the amount of $65.00 per week for 100 weeks plus penalties and attorney's fees. Defendant has urged by motion that the record be corrected by the removal of the deposition of one Dr. Darrell L. Henderson, or in the alternative, that the case be remanded for the taking of additional testimony.

MOTION TO CORRECT AND/OR REMAND
In dealing with this motion we note that the trial court by implication ruled that the deposition was admissible. The implication is evidenced by the trial court's reference to the deposition in its opinion. Evidence found admissible is properly included in the record lodged on appeal. Rules 1 and 3, Uniform Rules of the Courts of Appeal. The motion to correct or remand the record is therefore denied.
Defendant's contention as to the admissibility of this deposition is more appropriately heard with the merits and will be discussed therein.

ON THE MERITS
In considering the merits it is first necessary to dispose of defendant's objection as to the admissibility of the deposition of Darrell L. Henderson. Defendant urges this evidence was erroneously considered by the trial court. The crux of the contention is that although he was notified of the taking of the deposition (LSA-C.C.P. 1433) the defendant neither attended nor stipulated as to its general use as it recites. Further, that pursuant to LSA-C.C.P. Art. 1428, the plaintiff failed to establish one of the criteria necessary for the introduction of a deposition into evidence. We agree and exclude consideration of this deposition. See Stephens v. Cotton Brothers Baking Co., 263 So.2d 908 (La.App. 3 Cir. 1972). Therefore, the remaining evidence will be all that is considered.
Defendant avers that the trial court erred in four other particulars:

*31 1) The trial court erred in denying defendants' exception of prematurity.
2) The trial court erred in ignoring that the testimony of the experts that plastic surgery on the eye would be premature for at least one year after the accident.
3) The trial court erred in awarding maximum benefits for disfigurement prior to the time that plastic surgery could be performed.
4) The trial court erred in awarding penalties and attorney's fees.
A brief statement of facts is given to preface the discussion of the issues.
On July 31, 1974 Elvin Maricle was injured while in the course and scope of his employment with the defendant Sam Cloud. The defendant's business was the logging industry.
Plaintiff-employee operated a power saw at work. On the day in question, plaintiff lost control of his power saw and as a result sustained a severe laceration on his face and a small cut on one of his hands.
Plaintiff was taken to a surgeon, Dr. Thomas Lacour in Oakdale, Louisiana, for emergency treatment. Dr. Lacour sutured the wound and observed plaintiff until sometime in August when he referred the plaintiff to a Dr. Robinson's Clinic in Alexandria. It was Dr. Lacour's opinion, as stated in his surgeon's report, that plaintiff would suffer permanent scarring and difficulty in closing his left eye. It was the treating doctor's opinion that plaintiff would be disabled in relation to his duties on the job for six to eight weeks.
On August 13, 1974 plaintiff visited Dr. James W. Welch and returned on August 28, 1974 for a follow-up examination. Following the second examination it was the opinion of Dr. Welch that plaintiff had regained total function in his left eye and could return to work. Further, Dr. Welch stated in his deposition that whether the scar, in healing, would contract, causing trouble with closing the eyelid, would take about six to twelve months to determine. However, he was certain that the scar was quite noticeable and would cause permanent disfigurement whether or not it interfered with the actual function of the eye. Dr. Welch was sure that cosmetic surgery performed on a scar of this size would leave some residual disfigurement.
Dr. Juanedd Berry, who examined plaintiff on September 6, 1974, agreed in diagnosis and description of the scar with Dr. Welch. He described the scar as being highly noticeable and running some six inches in length, beginning at the top of the forehead and running vertically down through the left eyebrow on through the eyelid across the nose and ending at the upper lip. This observation agreed with the trial court's own observation. The scar was approximately six inches in length and about one-sixteenth of an inch wide. Dr. Berry added that he found no indication that the scar would cause any defect in the physical function of the left eye. However, he was of the opinion that the scar constituted a noticeable physical disfigurement.
We note here that the defendant also had the opportunity to view the plaintiff during this period of time and did so, and that although aware of Dr. Lacour's report and Dr. Welch's examination, defendant terminated benefits as of August 28, 1974.
On December 3, 1974 plaintiff, through counsel, demanded from the defendant Sam Cloud all compensation benefits presently owing to plaintiff. Another demand was communicated, by plaintiff's attorney, to a Mr. Hetherwick, who was handling the claim for the defendant, by letter dated January 17, 1975. Several attempts at contact for discussion of the claim by Mr. Hetherwick with plaintiff's counsel were made but proved futile. Suit was filed on February 5, 1975.
Defendant filed an exception of prematurity on February 19, 1975. The exception was heard on October 22, 1975. The thrust of the exception was that plaintiff's injury could not correctly be diagnosed and treated at the time suit was filed and further that benefits were terminated in August when plaintiff was deemed capable of returning to work by the examining physician *32 Dr. Welch. Later, defendant filed his answer reserving his rights in the dilatory exception. Trial on the merits was set for February 12, 1976. Before the merits were heard, the trial court overruled the exception and then proceeded to the merits.
The trial court found that plaintiff was permanently and severely disfigured as of August 28, 1974, the date compensation benefits were terminated. We agree. All doctors concurred that plaintiff was disfigured on that date; their desire to wait to perform corrective surgery was based upon whether the scar in healing would involve and impair the physical function of plaintiff's left eye. Clearly plaintiff's claim for severe and permanent disfigurement had manifested itself on August 28, 1974 and was compensable. To force plaintiff to wait until surgery could be performed to press his claim would place plaintiff in the unenviable position of contending with the more onerous bar to an action, prescription.
The defendant also urges as error the award of maximum benefits under LRS 23:1221(4) for severe and permanent disfigurement. We note that all doctors were of the opinion that the scar was noticeable in that it ran perpendicular to the natural lines of the face. They described the scar as being about six inches in length and about a sixteenth of an inch wide. Further, the scar left a noticeable gap where it traversed the eyebrow. Finally, the trial judge viewed the plaintiff on two separate occasions approximately 14 and 18 months after the injury manifested itself. The record supports the trial court's discretionary award of maximum benefits under LSA 23:1221(4).
In conclusion, defendant attacks the trial court's imposition of penalties and attorney's fees. The basis of this alleged error is twofold. First, that the defendant is insured and therefore under R.S. 23:1201.2 penalties and attorney's fees may not be imposed upon the employer. Secondly, that defendant was negotiating or attempting to negotiate, pursuant to plaintiff's December 3, 1974 demand, a settlement of the claim.
In dealing with defendant's first contention, we note the record is devoid of any proof that defendant is insured. It is extremely difficult therefore to say the trial court erred in necessarily concluding that the defendant Cloud was not insured. The fact of whether or not this employer is insured is within the peculiar knowledge of the defendant. Further, existence of insurance is a bar or defense to the imposition of penalties and attorney's fees against an employer. It is incumbent upon the defendant to prove a bar to recovery. To place the burden upon the plaintiff would be to establish a nonsensical rule that the plaintiff must establish a negative (lack of insurance) by affirmative evidence.
Defendant's second argument is without merit. The record amply supports the trial court's finding that the employer arbitrarily and capriciously terminated benefits as of August 28, 1974. The subsequent demand for resumption of payments as of December 3, 1974 was inconsequential to the imposition of penalties and attorney's fees. The jurisprudence is to the effect that where the discontinuance of compensation is arbitrary and capricious, the employee need not make a demand for resumption in order to recover penalties and fees. See Chavis v. Maryland Casualty Corporation, 307 So.2d 663 (La.App. 3 Cir. 1975); Griffin v. Kelly-Springfield Tire Company, 316 So.2d 529 (La.App. 2 Cir. 1975). In this case, it was the defendant's duty to pay, at least, the minimum amount of compensation for the remainder of the 100 weeks. Fruge v. Hub City Iron Works, Inc., 131 So.2d 593 (La.App. 3 Cir. 1961).
The judgment of the trial court is correct in all respects. Costs of appeal are taxed to defendant-appellant.
AFFIRMED.