428 So.2d 1273 (1983)
Terry A. MATHEWS, Plaintiff-Appellee,
v.
The HANOVER INSURANCE COMPANY, Defendant-Appellant.
No. 82-574.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1983.
Stafford, Stewart & Potter, Russell L. Potter, Alexandria, for defendant-appellant.
Larry W. Rivers, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
LABORDE, Judge.
Terry A. Mathews, plaintiff-appellee, instituted this action against The Hanover Insurance Company, defendant-appellant, to recover damages for injuries sustained by him in an automobile accident. After a jury trial, judgment was rendered in favor of Mathews and against Hanover in the sum of $16,500 ($14,500 general damages and $2,000 special damages). Hanover appeals. We affirm.
The sole issue before this court is whether the jury abused its great discretion in the amount awarded.
Mathews was involved in an automobile accident on July 19,1981, in Rapides Parish, Louisiana. Mathews was the driver of the vehicle which was struck in the rear by a vehicle driven by Robert C. Chambler, Jr., and insured by Hanover. As a result of this accident, Mathews filed suit alleging injuries to his neck and back. The facts of the accident were not in dispute, and Hanover admitted liability at the trial.

*1274 DAMAGES AWARDED
General Damages:
Was the jury's award to Mathews excessive and an abuse of its discretion?
Hanover contends that the $14,500 awarded by the jury in general damages was excessive.
Before the Court of Appeal can disturb an award made by a trial court the record must clearly reveal that the trier of fact abused its discretion in making its award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). We find that the jury's award of $14,500 for past, present and future pain and suffering, both mental and physical, was justified by the evidence.
Hanover contends that Mathews only suffered a minor low back strain, which necessitated no further medical treatment. They base their argument on the testimony of Dr. L. Donovan Perdue who examined Mathews the day after the accident. Mathews testified that after the visit with Dr. Perdue his condition did seem to improve; however, 2 to 3 weeks later his pain began to increase and he continued to have problems. Mathews testified that during this 2 to 3 week period he suffered from a numb feeling and numb ache in his hips and a numb ache in his legs. He also began to experience headaches and pain in his neck as well as the continuing problems with his back, hips and legs. Prior to this accident, Mathews had no problems with his lower back, no problems with his neck, and no problems with frequent severe headaches. At the time of trial, Mathews testified that he was still suffering from neck pain which seemed to be aggravated when he would drive a vehicle for any length of time. Also, he testified that he was continuing to have headaches. Dr. W.E. Warner, a chiropractor who treated Mathews 3 weeks after the accident, diagnosed Mathews' problem as subluxation in the lower cervical and lumbar region. "Subluxation" is defined as a misalignment of a vertebrae causing it to pinch a nerve in the intervertebral foramen. In Dr. Warner's opinion this condition caused Mathews' pain and discomfort. The testimony of Mathews was corroborated by his wife, Dawn Marie Mathews.
There is sufficient evidence from the testimony of the chiropractor, together with that of Mathews and his wife, to support the jury's award. In the absence of manifest error, the judgment of the trial court shall stand. Soileau v. South Cent. Bell Tel. Co., 406 So.2d 182 (La.1981). See also Hudson v. Thompson, 422 So.2d 640 (La.App. 3rd Cir.1982). Special Damages:
Is the jury award in the amount of $2,000 for special damages unsupported by the evidence so that it should be deleted or reduced?
Hanover contends that the $2,000 special damages consisted, in part, of $1,124 in future medical expenses. Therefore, they contend Mathews bears the burden of establishing each and every element of damages with some degree of certainty. Hanover cites Poche v. Frazier, 232 So.2d 851 (La.App. 4th Cir.1970) which states:
"... awards will not be made for future medical expenses which may or may not occur in the absence of medical testimony that they are indicated and setting out their probable cost."
Dr. Warner testified that Mathews needed care a minimum of twice a week for another 3 to 4 months to properly treat his problems. The visits would cost approximately $39.00 each. This testimony of Dr. Warner is unrebutted.
Hanover's argument is correct in that future medical expenses, like any other element of damages, must be established with some degree of certainty. Sikes v. McLean Trucking Co., 383 So.2d 111 (La. App. 3rd Cir.1980). In the present case there is significant evidence to indicate that substantial future medical expenses will be incurred.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's, The Hanover Insurance Company, costs.
AFFIRMED.