430 So.2d 386 (1983)
Melvina BRUINS, et al., Plaintiffs-Appellees,
v.
UNITED STATES FLEET LEASING, INC., et al., Defendants-Appellants.
No. 82-798.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
Gist, Methvin, Hughes & Munsterman, Victor H. Sooter, Alexandria, for defendants-appellants.
Ford & Nugent, Howard N. Nugent, Jr., Alexandria, for plaintiffs-appellees.
Henry M. Bernstein, Shreveport, for defendants-appellees.
Before DOMENGEAUX, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Melvina Bruins, individually and on behalf of her minor daughter, sued Arnie F. Gibson, Tupperware Home Parties, Inc., Continental Insurance Company and United States Fleet Leasing, Inc. as a result of an automobile accident which occurred in the South Traffic Circle in Alexandria, Louisiana on December 22, 1979. The trial judge granted general damages and property damages to the plaintiffs. Defendants appeal. We affirm. We find no clear error in the procedural ruling or the finding of fact of the trial judge nor do we find an abuse of discretion by the trial judge in the amount of damages awarded.
The salient facts are as follows: On December 22, 1979, Mrs. Bruins was driving her 1976 Pontiac in the left hand, north bound lane of the South Circle of Mac Arthur Drive in the City of Alexandria. Her minor daughter, Laronda, was a passenger in her car.
Arnie E. Gibson was driving a 1978 Ford Stationwagon, leased by United States Fleet Leasing, Inc., to Tupperware Home Parties, Inc. and insured by Continental Insurance Company, in the right hand north bound lane of the South Circle of Mac Arthur Drive. Mr. Gibson's wife, Melba, was a passenger in his car.
The vehicles collided near the Baton Rouge exit of the South Circle causing extensive *387 property damage and personal injuries to Mrs. Bruins and Laronda.
After trial, the judge found that "Mr. Gibson had crossed over into the Bruin's lane of traffic and collided with the Bruin's vehicle". The trial judge awarded Mrs. Bruins $4,500 in general damages, plus special damages in the amount of $423.50. He further awarded Laronda $500.00 in general damages and $100.00 in special damages.
Defendants appeal contending that the trial judge erred in:
1) Refusing to admit the depositions of Arnie E. Gibson and Melba Gibson into evidence pursuant to Article 1450 of the Code of Civil Procedure;
2) Rendering judgment for the plaintiffs instead of the defendants; and,
3) Abusing his discretion in awarding damages to the plaintiffs.
Defendants contend that the trial court erred in refusing to admit the depositions of Arnie E. Gibson and Melba Gibson. We find defendants contention without merit.
The trial court has discretion in the admissibility of depositions. LSA-C.C.P. Article 1450. Kenneth W. Gary v. Dimick Supply Company, 427 So.2d 33 (La.App. 3rd Cir.1983). The trial court in its written reasons for judgment found that "the party offering the deposition is the defendant, Arnie E. Gibson, who along with his wife, decided to be out of the State of Louisiana on the day of trial" and "he was the party offering the depositions and was also the party `procuring' the absence of the witnesses, he and his wife." LSA-C.C.P. Article 1450 provides in pertinent part:
"(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the courts finds: (emphasis added)
* * * * * *
(b) That the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of this state, unless it appears that the absence of the witness was procured by the party offering the deposition.
From our review of the record we cannot say that the trial judge abused his discretion in refusing to admit the depositions of Mr. and Mrs. Gibson.
Secondly, defendants contend that the finding of liability in favor of the plaintiffs is clearly wrong. We have carefully examined the record within the parameters set by the Supreme Court in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), and conclude that the trial judge's finding that "Mr. Gibson had crossed over into the Bruins' lane of traffic and collided with the Bruins' vehicle" is fully supported by the record. Finding no clear error, we will not substitute our judgment for that of the trial judge. We have repeatedly held that the conclusion of the trial judge with regard to such facts, particularly where it involves credibility of witnesses, is entitled to great weight and will not be disturbed on appeal unless shown to be clearly wrong. Canter v. Koehring, 283 So.2d 716 (La.1973).
Immediately after the accident, Mrs. Bruins was treated at the emergency room of Rapides General Hospital "for pain in the cervical, low back, thumb and headache." She was later seen by Dr. Edward Norton, a general surgeon, who diagnosed her injuries as a cervical sprain with spasm, low back sprain and thumb injury.
Dr. Ray J. Beurlot also examined Mrs. Bruins and diagnosed her injuries as moderate cervical sprain, a low back sprain and a thumb injury. At the time of trial, Mrs. Bruins testified that she was still experiencing pain.
We find that the awards made to Mrs. Bruins were justified by the record. Hudson v. Thompson, 422 So.2d 640 (La.App. 3rd Cir.1982) and Mathews v. The Hanover Insurance Company, 428 So.2d 1273 (La. App. 3rd Cir.1983).
Similarly, we will not disturb the awards of damages made to Mrs. Bruins on behalf of her daughter, Laronda. The awards were well within the discretion of the trial court.
*388 For the above and foregoing reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.