United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

06-30943
Summary Calendar
_____

TENNA MARIE COURVILLE,

Plaintiff-Appellant,

v.

TARGET CORPORATION OF MINNESOTA,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Louisiana, Lake Charles
No. 2:05-cv-01495-PM-APW

_____

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Tenna Marie Courville, appeals the
district court's grant of summary judgment in favor of Target in
this slip and fall case. Finding that Courville has raised a fact
issue, we VACATE and REMAND.

I. BACKGROUND

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On August 13, 2004, Courville was shopping with her daughter at a Target Store in Lake Charles, Louisiana. After paying for her purchases, Courville was putting the credit card and receipt in her wallet and walking toward the exit when she slipped and fell. After the fall, Courville noticed there was a puddle of clear liquid on the floor approximately a foot long and a few inches wide. The accident occurred in a high traffic area between the snack bar and the checkout lines. Courville has alleged injuries to her knee, which required surgery and physical therapy.

Courville brought a negligence action against Target in Louisiana state court. Target removed the suit to federal district court and moved for summary judgment, arguing that there was no genuine issue of material fact with respect to whether Target created or had actual or constructive notice of the liquid that allegedly caused the incident. The district court agreed and granted summary judgment in favor of Target. Courville appeals.

II.  STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *E.g., Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir. 1996). Summary judgment is proper if the record reflects "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

III. ANALYSIS

It is undisputed that the instant case is based on diversity jurisdiction and governed by Louisiana law. The applicable Louisiana statute sets forth the plaintiff's burden of proof in a claim against a merchant:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La.Rev.Stat. Ann. 9:2800.6B (1996).

The district court found that no genuine issue of material fact existed regarding whether the merchant created or had notice of the liquid hazard. § 9:2800.6B(2). Here, there is no allegation that Target created or had actual notice of the hazard. Instead, Courville argues that she has shown an issue of fact with respect to whether Target had constructive notice. "'Constructive notice' means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the

3

merchant had exercised reasonable care." § 9:2800.6C(1).

In *White v. Wal-Mart Stores, Inc.,* the Louisiana Supreme Court held that a plaintiff has the burden of showing the existence of the condition or hazard prior to the fall. 699 So.2d 1081 (La. 1997) (interpreting § 9:2800.6). If a plaintiff fails to make such a showing, "[t]he statute does not allow for the inference of constructive notice." *Id.* at 1084. Accordingly, the dispositive question in the instant case is whether Courville has raised a fact issue regarding whether the liquid on the floor existed for a period of time sufficient to give rise to constructive notice. Simply demonstrating the existence of the hazard does not satisfy the burden. *White,* 699 So.2d at 1084. "Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." *Id.* at 1084-85. Whether the time period is of sufficient length such that a merchant exercising reasonable care would have discovered the hazard is a question of fact. *Id.* at 1084.

Courville has shown that there were Target employees in close proximity to the puddle of liquid on the floor. However, "[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition."

4

§ 9:2800.6C(1). Additionally, Courville's attorney deposed Phyllis Granger, a Target cashier who was not a witness to the accident. Relying on a photograph of the area of the store where the fall occurred, Granger testified that a cashier would have been able to see the liquid on the floor when a customer was using a credit card to pay. As previously set forth, Courville paid for her merchandise with a credit card. Thus, there is evidence to show that a cashier could have seen the liquid on the floor. *Cf. White,* 699 So.2d 1086 n.5 (noting that the plaintiff failed to introduce evidence that an employee could have seen the spill on the floor).

Courville testified that there was one person in the checkout line who was leaving as she approached. Courville and her daughter had been shopping for more than an hour and had numerous items in their shopping cart. She did not see the "spill" occur while waiting in line. That is circumstantial evidence that the spill existed at least immediately prior to Courville approaching the checkout line.[2] Further, it is undisputed that the accident occurred in a high traffic area between the snack bar and the checkout lines. Because the hazard was in a high traffic area, it is arguable that only a very short period of time would be necessary to discover the hazard. *Cf. White,* 699 So.2d at 1085 (reasoning that "[w]hile the length of time may arguably diminish

---

[2] Although Melissa Menard, a Target employee, testified she did not see the liquid just prior to the incident, it is undisputed that the puddle existed.

5

in relevance under some circumstances, it certainly does not diminish to the point of being eliminated").

Additionally, and most significantly, both Courville and her daughter testified during their depositions that after she fell, the "manager," Cher Carriere, looked at the puddle and admitted that "they should have cleaned that up; they should have seen it."[2] This statement indicates that Carriere, after assessing the situation, believed a Target employee should have been aware of the liquid, and as such, this admission from a supervisor supports a finding of constructive notice. Viewing the evidence in the light most favorable to Courville, we are persuaded that she has raised a genuine issue of material fact with respect to whether the hazard "existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." Thus, we vacate the district court's judgment and remand for further proceedings.

VACATED and REMANDED.

---

[2] Carriere has denied this admission; however, we look at the evidence in the light most favorable to Courville. We note that although Carriere is referred to by Courville and Courville's daughter as the manager, her title at the time was "Leader on Duty."