STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-587


DAVID GUILLOT

VERSUS

DOLGENCORP, L.L.C.


**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2011-6810-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
Phyllis M. Keaty, Judges.


AFFIRMED.

Thibodeaux, Chief Judge, dissents in part and assigns written reasons.


Peter J. Wanek
McCranie, Sistrunk, Anzelmo
909 Poydras St., Suite 1000
New Orleans, LA 70112
(504) 831-0946
COUNSEL FOR DEFENDANT/APPELLANT:
        Dolgencorp, L.L.C.

**Cory P. Roy**
**Attorney at Law**
**Post Office Box 544**
**Marksville, LA 71351**
**(318) 240-7800**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **David Guillot**

**SAUNDERS, Judge.**

While shopping at a Dollar General store owned and operated by Dolgencorp, L.L.C. in Marksville, Louisiana, David Guillot slipped and fell on a discarded McDonald's cup, sustaining soft tissue injuries. Following a bench trial on the merits, the trial court found Dolgencorp liable and awarded Mr. Guillot $15,000.00 in general damages and $2,426.45 in special damages. We find that the trial court abused its discretion in the admission of certain deposition testimony. Nevertheless, we uphold the trial court's judgment, and we affirm.

I.

**ISSUES**

We shall consider:

(1)    whether the trial court abused its discretion in admitting the deposition testimony of the Dollar General assistant manager into evidence in lieu of live testimony;

(2)    whether Mr. Guillot proved by a preponderance of the evidence that Dolgencorp had constructive notice of the McDonald's cup;

(3)    whether the trial court erred in finding that Mr. Guillot carried his burden to prove that the accident caused his alleged injuries; and

(4)    whether the trial court erred in awarding Mr. Guillot excessive damages.

II.

**FACTS AND PROCEDURAL HISTORY**

On April 23, 2011, David Guillot was shopping in a Dollar General store in Marksville, Louisiana, when he slipped on a McDonald's cup and fell in one of the store aisles. Kimberly Ragsdale, the assistant manager of the Dollar General, came

to Mr. Guillot's assistance. Mr. Guillot then left the store. He later filed this lawsuit.

At trial, Mr. Guillot served as the only witness on his behalf. He testified that he slipped on the McDonald's cup that contained a clear liquid and suffered injuries to his lower back, right hip, and right knee. In addition to his testimony, Mr. Guillot submitted into evidence video surveillance footage showing that for the period of roughly two minutes before the incident, no person entered the area where Mr. Guillot fell. The video further showed a plastic bag discarded on the floor in another part of the store for roughly ten minutes during the time of the accident.

At trial, the court admitted into evidence the deposition of Kimberly Ragsdale in lieu of live testimony. It determined that although Ms. Ragsdale lived within the subpoena power of the court, her deposition testimony was limited in nature to her observations of the accident scene and the store's inspection policies. Furthermore, the court concluded it should be admitted to minimize resulting court costs from issuing a continuance and instanter subpoena.

After denying its motion for involuntary dismissal, the trial court held that Dolgencorp was solely liable for Mr. Guillot's fall under La.R.S. 9:2800.6, concluding that a store has a duty to keep its aisles and passageways clear of objects that might cause injury and a patron does not have a duty to watch every step that he or she may take while shopping. The trial court reasoned that there was a McDonald's cup in the aisle, and given the presence of the neglected plastic bag in another part of the store, the store had constructive notice of the potential hazard. The trial court awarded Mr. Guillot $15,000.00 in general damages and $2,426.45 in special damages.

## III.

## LAW AND DISCUSSION

### Standards of Review

The decision to admit deposition testimony at trial is discretionary and will not be disturbed upon appeal absent an abuse of discretion. *Bruins v. U.S. Fleet Leasing, Inc.* 430 So.2d 386 (La.App. 3 Cir. 1983); *Dickens v. Commercial Union Ins. Co.*, 99-698 (La.App. 1 Cir. 6/23/00), 762 So.2d 1193. Furthermore, even if the trial court's evidentiary ruling is erroneous, reversal is not warranted unless the error prejudiced the complainant's cause. *State Farm Mut. Auto. Ins. Co. v. Little*, 34,760 (La.App. 2 Cir. 6/20/01), 794 So.2d 927.

With regard to constructive notice, a trial court's determination of whether a merchant had constructive knowledge of a condition creating an unreasonable risk of harm is a factual finding that may not be set aside absent manifest error. *Smith v. Brookshire Grocery Co.*, 32,619 (La.App. 2 Cir. 1/26/00), 750 So.2d 450. We cannot disturb the trial court's ruling unless it is unreasonable or clearly wrong under the record. *Mart v. Hill*, 505 So.2d 1120 (La.1987).

### Admissibility of Ms. Ragsdale's Deposition Testimony

Dolgencorp argues that the trial court erred in admitting the deposition of Ms. Ragsdale in lieu of live testimony. We agree.

Louisiana Code of Civil Procedure Article 1450, in part, states:

> A. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the Louisiana Code of Evidence applied as though the witnesses were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

3

. . . .

> (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
>
> > (a) That the witness is unavailable;
> >
> > (b) That the witness resides at a distance greater than one hundred miles from the place of trial or hearing or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or
> >
> > (c) Upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

Ms. Ragsdale's deposition was taken for the purpose of discovery, and there was no stipulation by the parties that this deposition could be used at trial in lieu of live testimony. She resided within the subpoena power of the court, and there is no evidence in the record that she was unavailable to testify. As such, Ms. Ragsdale's deposition may only be admitted if an exceptional circumstance exists as defined under La.Code Civ.P. art. 1450. While the trial court believed the limited nature of Ms. Ragsdale's testimony combined with a desire to limit court costs amounted to exceptional circumstances, we disagree.

Under Article 1450, an exceptional circumstance must "make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." La.Code Civ.P. art. 1450 (A)(3)(c). Here, the only hurdles to Ms. Ragsdale testifying live are court costs from issuing a continuance and instanter subpoena. While burdensome, court costs do not impede the interest of justice nor do they

outweigh the value of live witness testimony; they are merely expected and inevitable consequences of litigation. To hold otherwise would amount to eliminating live testimony altogether in favor of depositions to save court costs which flies in the face of Article 1450.

Furthermore, while Ms. Ragsdale's deposition testimony was limited in scope, it contained discrepancies regarding the inspection times of the store prior to the accident that not only could have been rectified via live testimony but also potentially prejudiced Dolgencorp regarding the court's determination of constructive notice. Given the ease in which Ms. Ragsdale could have been called into court via instanter subpoena, the highly favored preference of presenting witness testimony orally, and the potential prejudice of the deposition, we find the trial court's admission of Ms. Ragsdale's deposition testimony to be an abuse of discretion. As such, we exclude consideration of this testimony in our review of the trial court's finding of constructive notice. *See Maricle v. Cloud*, 341 So.2d 29 (La.App. 3 Cir. 1976).

**Constructive Notice**

Dolgencorp contends that the trial court erred in concluding that it had constructive notice of the unreasonable risk of harm presented by the McDonald's cup under La.R.S. 9:2800.6. We do not agree.

Louisiana Revised Statutes 2800.6, in part, provides:

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:

5

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

(3) The merchant failed to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.

The Louisiana Supreme Court has explained that the constructive notice requirement of La.R.S. 2800.6 includes a mandatory temporal element, such that "[t]he claimant must make a positive showing of the existence of the condition prior to the fall." *White v. Wal-mart Stores, Inc.*, 97-393, p. 4 (La. 9/9/97), 699 So.2d 1081, 1084. While the supreme court concluded it was unnecessary to show precisely how long the hazard existed, the claimant must show that the period of time is "sufficiently lengthy" such that a merchant should have discovered the hazard. *Id.*

In proving the temporal element, the plaintiff may rely on circumstantial evidence over direct evidence to show that constructive knowledge can be inferred from the totality of the circumstances. *Broussard v. Wal-Mart Stores, Inc.*, 98-813 (La.App. 3 Cir. 1/20/99), 741 So.2d 65, *writ denied*, 99-486 (La. 4/1/99), 742 So.2d 562. For example, in *Broussard*, this court relied on circumstantial evidence regarding the size and scope of a dishwashing detergent spill to conclude that the merchant had constructive notice of the spill. The court reasoned that the spill

spread over a considerable period of time given that it was fairly large and elongated. Moreover, given the evidence that this part of the store was unmanned during one of the busiest days of the year, the court found that under the totality of the circumstances the merchant had constructive notice.

In light of the *White* and *Broussard* decisions, we agree with the trial court that Mr. Guillot proved that Dolgencorp had constructive notice of the unreasonable risk of harm presented by the McDonald's cup. Even absent Ms. Ragsdale's deposition testimony, the evidence in the record supports a finding that a Dolgencorp had a "sufficiently lengthy" period of time that it should have discovered the hazard. The video surveillance indicated that the cup was on the floor for at least two minutes prior to Mr. Guillot's accident. This fact, coupled with the ten minutes of video surveillance of a discarded plastic bag before and after the accident in another part of the store, supports the trial court's findings.

We find this court's decision, in *Davenport v. Albertson's, Inc.*, 00-685 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, *writ denied*, 01-73 (La. 3/23/01), 788 So.2d 427, instructive. In *Davenport*, this court relied on circumstantial evidence of negligent store upkeep to find that the plaintiff had proven the temporal element under La.R.S. 2800.6, even after the actual occurrence of the event. Similarly, here, the circumstantial evidence Mr. Guillot relies upon, a discarded plastic bag, indicates Dolgencorp's knowledge of the bag, a hazard, and a general disregard for the safety of it customers from slip and fall hazards. As such, we affirm the trial court's finding that Dolgencorp had constructive notice of the McDonald's cup.

**Causation**

Next, Dolgencorp asserts that the trial court erred in finding that Mr. Guillot proved that the accident caused the injuries he allegedly sustained because Mr.

7

Guillot did not present the testimony of a medical doctor expressly stating that the alleged injuries were more probably than not caused by the April 23, 2011 slip and fall. Thus, according to Dolgencorp, the trial court erred as a matter of law.

"Whether an accident caused a person's injuries is a question of fact which should not be reversed on appeal absent manifest error." *Housley v. Cerise*, 579 So. 2d 973, 979 (La.1991).

> In Louisiana tort cases and other ordinary civil actions, the plaintiff, in general, has the burden of proving every essential element of his case, including the cause-in-fact of damage, by a preponderance of the evidence, not by some artificially created greater standard. Proof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not.
>
> . . . While expert medical evidence is sometimes essential, it is self-evident that, as a general rule, whether the defendant's fault[] was a cause in fact of a plaintiff's personal injury or damage may be proved by other direct or circumstantial evidence.

*Lasha v. Olin Corp.*, 625 So.2d 1002, 1005 (La.1993) (citations omitted).

At trial, Mr. Guillot testified that as a result of the incident, he fell and landed on his right side and sustained a busted lip and injuries to his lower back, right knee, right hip, and right shoulder. Mr. Guillot's testimony that the accident caused his injuries is bolstered by his medical records that were admitted into evidence from Rapides Regional Medical Center, Dr. Bryan C. McCann, and Leglue Physical Medicine Clinic. These medical records indicate that Mr. Guillot visited Dr. McCann on April 27, 2011, and explained that he had fallen at Dollar General on April 23, 2011. He complained of anxiety and pain in his right knee, right hip, and lower back due to the fall to Dr. McCann. Mr. Guillot again treated with Dr. McCann on May 2, 2011, complaining that his right knee was hurting worse daily and his lower back and right hip were still hurting.

Mr. Guillot testified that due to transportation problems, he was unable to continue seeing Dr. McCann, and, thereafter, reported to the emergency room at Rapides Regional Medical Center when the pain continued. At trial, the parties introduced additional medical records indicating additional visits to the Rapides Regional Medical Center emergency room subsequent to the accident. According to the records, Mr. Guillot presented to Rapides Regional Medical Center on May 1, 2011, stating that he had fallen on April 23, 2011, and complaining of pain to his lower back, right knee, and right hip.

Finally, Mr. Guillot testified that between the completion of his treatment with Dr. McCann in May of 2011, and the commencement of his treatment with Leglue Physical Medicine Clinic in March 2012, he continued to experience pain in the aforementioned areas of his body, and, in addition to his treatment with Rapides Regional Medical Center, he treated the pain by taking over-the-counter pain medication such as Aleve and Tylenol.

Given the above, we find that there is ample evidence in the record to support the trial court's finding that Mr. Guillot proved the April 23, 2011 accident caused his injuries. Accordingly, we find no error by the trial count on this issue.

**Damages**

Finally, Dolgencorp argues that Mr. Guillot presented no evidence to support a finding that his alleged injuries lasted beyond three weeks, and, as such, the award of $15,000.00 for those injuries was excessive. We do not agree.

In *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1260 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994) (citations omitted), our supreme court stated:

> [T]he role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to

review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration.

. . . The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of fact. Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion.

Mr. Guillot has presented testimony that as a result of the April 23, 2011 incident, he has suffered pain in his lower back, right hip, right shoulder, and right knee spanning from April 23, 2011, through the trial date of January 23, 2013, a twenty-one month period. Clearly, the trial court found Mr. Guillot credible, despite Dolgencorp's attempts to show otherwise. As we stated above, this testimony is corroborated by the medical records of Dr. McCann and Rapides Regional Medical Center indicating treatment shortly after the incident. Mr. Guillot then cited transportation problems concerning his continued treatment with Dr. McCann and sporadic treatment with Rapides Regional Medical Center. Furthermore, he testified that his pain continued through the period between his last visit to Dr. McCann and the first to Leglue Physical Medicine Clinic, during which he treated at Rapides Regional Medical Center and with over the counter pain medication.

After a thorough review of the record, we find no abuse of discretion by the trial court in awarding Mr. Guillot $15,000.00 for his damages. A reasonable view of the evidence is such that Mr. Guillot suffered pain for twenty-one months, and such an award as given by the trial court is not abusively high.`

## IV.

## <u>**CONCLUSION**</u>

For the foregoing reasons, we find that the trial court abused its discretion in the admission of certain deposition testimony. Nevertheless, we find that a reasonable view of the evidence exists to support the results reached in the judgment of the trial court, and we affirm. Costs of this appeal are assessed against Dolgencorp, LLC.

**AFFIRMED.**

DAVID GUILLOT

VERSUS

DOLGENCORP, L.L.C.

**THIBODEAUX, Chief Judge, dissenting in part.**

I agree with the majority that the deposition testimony of Ms. Ragsdale was erroneously admitted. I disagree that the plaintiff met his burden in proving constructive notice under La.R. 9:2800.6 or that the evidence was sufficient to show cause-in-fact of plaintiff's injuries.

In light of the *White* and *Broussard* decisions relied upon by the majority, I conclude Mr. Guillot failed to prove that Dolgencorp had constructive notice of the allegedly hazardous McDonald's cup. Absent Ms. Ragsdale's deposition testimony, the only evidence in the record regarding the temporal element is the video surveillance indicating the cup was on the floor for roughly two minutes prior to Mr. Guillot's accident. Unlike *Broussard*, even if the cup was full of water as stated in Mr. Guillot's testimony, there is no evidence as to the size, state, and scope of a spill that would indicate the cup was there for any more time than the two minutes in the video. While I recognize this was a busy time of year given the Easter season, two minutes, without more, is not a "sufficiently lengthy" time to put a merchant on notice of hazardous conditions. To hold otherwise is unreasonable because it forces a merchant to constantly monitor the

physical state of his place of business rather than engage in the primary goal of selling goods.

Mr. Guillot argues that Dolgencorp had constructive notice given the ten minutes of video surveillance of a discarded plastic bag before and after the accident in another part of the store. The majority relies upon this court's decision in *Davenport v. Albertson's, Inc.*, 00-685 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, *writ denied*, 01-73 (La. 3/23/01), 788 So.2d 427), where we held that one may prove constructive notice by introducing circumstantial evidence of the hazardous condition after the actual occurrence of the event. While we recognized that circumstantial evidence of potential hazards can lead to an inference of constructive notice, I find this case distinguishable from the *Davenport* decision. In *Davenport*, this court relied on circumstantial evidence of negligent store upkeep in the same location where the actual slip and fall occurred. Further, *Davenport* involved a summary judgment proceeding where this court concluded that the evidence was sufficient to create a genuine issue of material fact as to constructive notice. We did not determine sufficient proof of the temporal element necessary to establish constructive notice. Similarly, a review of other Louisiana slip and fall cases relying on circumstantial evidence all used evidence that could lead to an inference of constructive notice of the hazard in the specific location of the accident.[1] In contrast, the only circumstantial evidence Mr. Guillot relies upon

---

[1]*See Treadaway v. Shoney's, Inc.*, 93-1688 (La.App. 4 Cir. 2/25/94), 633 So.2d 841 (medical technician rendering aid to plaintiff after fall testified that floor was wet); *Oalmann v. K-Mart Corp.*, 630 So.2d 911, 913 (La.App. 4 Cir. 1993), *writ denied*, 94-244 (La. 3/18/94), 634 So.2d 859 (plaintiff proved constructive notice of slippery floors through evidence that it rained prior to the fall); *Saucier v. Kugler, Inc.*, 628 So.2d 1309 (La.App. 3 Cir. 1993) (circumstantial evidence that lemon display was often piled high causing lemons to roll onto the floor sufficed to meet plaintiff's burden); *Cobb v. Wal-Mart Stores, Inc.*, 624 So.2d 5 (La.App. 5 Cir. 1993) (constructive notice satisfied through evidence of customers carrying bags of popcorn throughout store, thus risking popcorn being dropped on the floor).

is a discarded plastic bag in a completely different part of the store. While this evidence indicates knowledge of the bag, this alone cannot lead to an inference of constructive notice of hazards in a different part of the store.

As such, the majority errs in finding that Dolgencorp had constructive notice of the McDonald's cup.

While the medical records might indicate an injury of some sort, there is no correlative linkage between Mr. Guillot's injury and his slip and fall. It is somewhat of a stretch to automatically infer, without more, that medical causation exists. Indeed, many of these visits, according to the medical records, were unrelated to Mr. Guillot's fall. Moreover, the only medical testimony is that of Dr. Henry who opined that plaintiff's injuries are unrelated to this accident. His testimony went unrebutted.

For the foregoing reasons, I respectfully dissent.