# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2023

Lyle W. Cayce
Clerk

————————

No. 22-30309

————————

Davlyn Flowers,

*Plaintiff—Appellant*,

*versus*

Wal-Mart Incorporated; Wal-Mart Louisiana, L.L.C.,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CV-904

————————————————————————

Before Stewart, Dennis, and Southwick, *Circuit Judges*.

James L. Dennis, *Circuit Judge*:

After slipping on a puddle of water in a Wal-Mart store, Plaintiff-Appellant Davlyn Flowers sued Defendant-Appellees Wal-Mart Inc. and Wal-Mart Louisiana, L.L.C. in federal district court. The district court granted summary judgment for the Defendants, and Flowers appealed. Because Flowers has raised genuine issues of material fact precluding summary judgment, we REVERSE and REMAND.

No. 22-30309

## I.

On June 22, 2020, Flowers was shopping at a Wal-Mart store in Ruston, Louisiana. Flowers arrived at the store between 12:30 and 1:00 PM. It was raining outside, and the rain continued while Flowers was in the store.

Kolby Williams was also shopping at the same Wal-Mart store at that time. He testified that, a little after 1:00 PM, he noticed a substance on the floor that glimmered and reflected light near the store's freezer section. Williams stated he did not know where the substance came from or what it was but speculated that it might be water. Williams testified that, after consulting with his boyfriend for two or three minutes, he went to fetch a Wal-Mart employee to get a wet floor sign because he did not want anyone to fall. Video surveillance shows Williams then returned around 1:06 PM and stood next to the wet area, waiting for the Wal-Mart employee he spoke with to bring a sign. While Williams was waiting, the video surveillance shows another Wal-Mart employee walked past the puddle.

About a minute later, at 1:07 PM, video surveillance shows Flowers walked across the wet area, slipped, and fell, striking her knee. Williams immediately came to Flowers's assistance. At the time, Flowers did not see the substance she slipped in and did not know what it was, where it came from, or how long it had been there.

Assistant manager Yessenia Pesnell was called to the area to assist and investigate the accident. Pesnell completed an associate witness statement in which she stated that she noticed water where Flowers had slipped and speculated that the water might have come from a basket since it was raining outside. Pesnell took photos of the accident scene, which showed water on the floor. Pesnell testified that the area in which Flowers fell is referred to by Wal-Mart employees as "action alley," consisting of the store's high-traffic "main walks." The video surveillance shows multiple people traversing the

No. 22-30309

area in which Flowers fell in the hour leading up to her fall.

Pesnell testified that Wal-Mart employees complete "safety sweeps" with a broom or dry mop every thirty minutes to an hour to make sure the floors are clean. These sweeps cover the entire store and typically involve two or three employees. Pesnell testified she did not oversee the sweeps and did not know whether there was a procedure to ensure sweeps are completed adequately. The surveillance video, which shows one hour prior to and one hour subsequent to Flowers's fall, does not show any safety sweeps.

In April 2021, Flowers filed suit against the Defendants in federal district court, asserting negligence under Louisiana law and invoking the district court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). In March 2022, Defendants moved for summary judgment, which the district court granted, finding Flowers failed to present evidence that Defendants had constructive notice of the puddle in which she slipped. Flowers timely appealed.

**II.**

We review a grant of summary judgment *de novo*. *Nationwide Mut. Ins. Co. v. Baptist*, 762 F.3d 447, 449 (5th Cir. 2014). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the burden of identifying an absence of evidence to support the nonmoving party's case." *Capitol Indem. Corp. v. United States*, 452 F.3d 428, 430 (5th Cir. 2006) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)). In reviewing the record, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A party cannot defeat summary judgment with "conclus[ory] allegations, unsupported assertions, or presentation of only a

3

scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). Instead, the nonmovant must go beyond the pleadings and designate specific facts that prove that a genuine issue of material fact exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## III.

Merchant liability for slip and fall cases under Louisiana law is governed by La. R.S. 9:2800.6, which requires, in relevant part, that a person suing a merchant for damages resulting from a fall due to a condition on the merchant's premises prove "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." *Id.* § 9:2800.6(B)(2). Here, Flowers does not contend that the Defendants created the puddle at issue or that they had actual notice of it, but instead relies solely on constructive notice.

"'Constructive notice' means the claimant has proven the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." *Id.* § 9:2800.6(C)(1). However, "[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *Id.* The Louisiana Supreme Court has held that, to prove constructive notice under § 9:2800.6(B)(2), "the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." *White v. Wal-Mart Stores, Inc.*, 97-0393, p. 1 (La. 9/9/97), 699 So. 2d 1081, 1082. "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period." *Id.* at p. 4, 699 So.

2d at 1084. "[T]here is no bright line time period," and "the time period need not be specific in minutes or hours." *Id.* This temporal element—that the condition "existed for some period of time"—may be proven "by both direct and circumstantial evidence." *Fountain v. Wal-Mart Stores*, Inc., 2019-699, p. 7 (La. App. 3 Cir. 3/18/20), 297 So. 3d 100, 106. Importantly, on summary judgment, while Flowers must show the condition existed for some period of time before her fall, "[w]hether the period of time that a condition existed was sufficient to provide a merchant with constructive notice is a fact question that must be submitted to the jury." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 331 (5th Cir. 2007) (citing *Allen v. Wal–Mart Stores, Inc.*, 37,352, p. 5 (La. App. 2 Cir. 6/25/03), 850 So.2d 895, 898).

Flowers has provided direct evidence that the puddle existed for "some period of time." *See White*, 97-0393, at p. 1, 699 So. 2d at 1082. Williams testified that after he saw the puddle, he talked with his boyfriend about what to do for two or three minutes. Williams then took additional time to find and alert a Wal-Mart employee. Video surveillance shows Williams return to the area of the puddle at 1:06 PM, waiting for the employee to bring a wet floor sign, and approximately a minute later, at 1:07 PM, video surveillance shows Flowers slip and fall. Williams's testimony and the surveillance footage show the puddle existed for at least approximately four minutes prior to Flowers's fall, plus some additional time while Williams searched for a Wal-Mart employee.

Flowers has also provided circumstantial evidence that the puddle existed for additional time prior to Williams noticing it. Courts have concluded that circumstantial evidence demonstrated that a puddle of water existed for a period of time when it was raining outside and the area in which the puddle was found was heavily trafficked. *See, e.g.*, *Bassett v. Toys "R" Us Del., Inc.*, 36,434, p. 5 (La. App. 2 Cir. 12/30/02), 836 So. 2d 465, 470 (noting "it was raining on one of the busiest shopping days of the year" and "there

was a constant stream of customers in and out of the store"); *Oalmann v. K-Mart Corp.*, 630 So. 2d 911, 913-14 (La. App. 4th Cir. 1993) (noting "it had been raining on the day of [the] fall" and "the constant influx of customers" at a "large retail store such as the K–Mart in Meraux"). Here, too, Flowers testified it was raining the day of her fall. Pesnell's witness statement and the photos she took confirm Flowers slipped in water. Pesnell testified that Flowers fell in a heavily trafficked area of the store known as "action alley," and she wrote in her witness statement that the water likely dripped from a shopping basket. This circumstantial evidence further shows that the puddle existed for some period of time.

The Defendants cite to *Kennedy v. Wal-Mart Stores, Inc.*, 98-1939, p. 4 (La. 4/13/99), 733 So. 2d 1188, 1191, which held that the plaintiff offered "absolutely no evidence as to the length of time the puddle was on the floor before his accident" when the only evidence the plaintiff provided was the fact that "it was raining on the evening in question" and the puddle was "within view of a customer service podium." But, unlike that case, Flowers does not rely solely on the fact it was raining. She has presented evidence in Williams's testimony and the surveillance footage that the puddle existed for at least four minutes, and Pesnell admitted the puddle likely dripped from a shopping basket, having formed in a heavily trafficked area. Combined with this evidence, the rain provides additional circumstantial evidence of the amount of time the puddle existed.

Finally, Flowers has also provided evidence that "such time was sufficient to place the merchant defendant on notice of its existence." *White*, 97-0393, at p. 1, 699 So. 2d at 1082. We find *Courville v. Target Corp. of Minnesota*, 232 F. App'x 389 (5th Cir. 2007) (unpublished), persuasive. In *Courville*, we reversed a grant of summary judgment for the defendant grocery store because the plaintiff "raised a genuine issue of material fact with respect to whether the hazard 'existed for such a period of time that it

would have been discovered if the merchant had exercised reasonable care.'" *Id.* at 392. The puddle in which the plaintiff slipped was between "the snack bar and the checkout lines." *Id.* at 390. The evidence showed "a cashier could have seen the liquid on the floor" because "a cashier would have been able to see the liquid on the floor when a customer was using a credit card to pay" and the plaintiff "paid for her merchandise with a credit card." *Id.* at 391. Furthermore, "[b]ecause the hazard was in a high traffic area, it [was] arguable that only a very short period of time would be necessary to discover the hazard." *Id.* at 391–92.

As in *Courville*, here, at least two Wal-Mart employees were in the area who reasonably could have seen the puddle. Williams notified one Wal-Mart employee in the area, who was bringing a wet floor sign. After Williams returned to the area of the puddle and before Flowers slipped, the video surveillance shows another Wal-Mart employee walk past the puddle, looking in its direction. Williams testified the puddle was visible, glimmering and reflecting light. Moreover, it was raining, and this area—known as "action alley"—was high-traffic, which, like in *Courville*, reduced the amount of time necessary to put Wal-Mart on notice. Pesnell's conclusion that the puddle likely dripped from a shopping basket wet from the rain is evidence that employees were aware of the likelihood puddles would form that day.

The Defendants cite several cases holding, under their facts, that a few minutes were insufficient to put the merchant on notice of a condition's existence. *See Guillot v. Dolgencorp, L.L.C.*, 2013-2953 (La. 3/21/14), 135 So. 3d 1177, *adopting Guillot v. Dolgencorp, L.L.C.*, 2013-587 (La. App. 3 Cir. 11/27/13), 127 So. 3d 124 (Thibodeaux, C.J., dissenting); *Delahoussaye v. Delchamps, Inc.*, 96-1677 (La. App. 3 Cir. 4/30/97), 693 So. 2d 867; *Williams v. Rouses Enters., Inc.*, 96-1607 (La. App. 1 Cir. 5/9/97), 693 So. 2d 1298; *Moses v. Wal-Mart Stores, Inc.*, 2017-566, 2017 WL 11569451 (La. App. 3 Cir.

Nov. 29, 2017) (unpublished); *Quiroz v. Wal-Mart La., LLC*, 21-389 (La. App. 5 Cir. 2/23/22), 336 So. 3d 1008. We first note that the majority of these cases were appeals after a trial on the merits; in contrast, here, the procedural posture is summary judgment, at which stage Flowers need only show a genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Bagley*, 492 F.3d at 331. Second, these cases hold only that, under their facts, a few minutes "without more" were insufficient to put the merchant on notice; they are confined to the facts before them and do not state that a few minutes is never sufficient. *See Guillot*, 2013-587, at p. 1, 127 So. 3d at 131 (Thibodeaux, C.J., dissenting); *see also White*, 97-0393, at p. 5, 699 So. 2d at 1085 (noting "the length of time may arguably diminish in relevance under some circumstances"). Here, unlike these cases, Flowers has presented evidence that two Wal-Mart employees could have seen the puddle, one of whom was actually notified of it; a shopping basket dripping from the rain likely formed the puddle some time before Williams even noticed it; and the puddle was located in a heavily trafficked portion of the store. Under these circumstances and on summary judgment, Flowers has presented enough evidence to create a genuine issue of material fact that the period of time the puddle existed was sufficient to place the Defendants on notice of its existence. *See Courville*, 232 F. App'x at 391–92. Whether that time is actually sufficient is a "fact question that must be submitted to the jury." *Bagley*, 492 F.3d at 331.

## IV.

The judgment of the district court is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion.